Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 413 | **DATE** | February 15, 2011 |
| **CASE TITLE** | Raul Chavez, Jr. (R-01622) v Jill Web, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $17.00 as an initial partial filing fee from Plaintiff's trust fund account and to continue making deductions until the $350 filing fee is paid. The complaint is dismissed without prejudice for lack of jurisdiction. Plaintiff may attempt to bring his claims in state court. The dismissal of this case by this court does not count as one of Plaintiff's three allotted strikes under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel in this case [4] is denied. This case is closed.

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff Raul Chavez, Jr. (R-01622), a Menard Correctional Center inmate, has filed this suit against private attorneys who filed a civil suit for Plaintiff against the officer who shot him during a 1995 arrest. Plaintiff contends that his attorneys were ineffective with their presentment of Plaintiff's case, in particular their questioning of the officer. Plaintiff seeks compensation for the attorneys' alleged malpractice. All the attorneys named as Defendants appear to be members of the John Philip Law Office in Chicago.

The court finds that Plaintiff is unable to prepay the filing fee, and grants his motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $17.00. The court authorizes the supervisor of inmate trust accounts where Plaintiff is incarcerated shall collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Menard trust account office shall notify correctional authorities of any outstanding balance owed pursuant to this order in the event Plaintiff is transferred.

**(CONTINUED)**

isk

## STATEMENT

Although Plaintiff may proceed *in forma pauperis*, his complaint fails to state to a federal cause of action. Plaintiff alleges that his private Chicago attorneys committed malpractice with Plaintiff's civil rights suit against the officer who shot him. A claim that private attorneys committed malpractice does not state a federal cause of action, particularly in a case such as this where the Plaintiff did not have a right to counsel in the prior proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (private attorneys are not state actors under 42 U.S.C. § 1983 and a claim against them does not state a federal cause of action); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) (there is no constitutional right to an attorney in a civil case). Plaintiff's claim of legal malpractice is a state-law claim that must be brought in state court. This Court has jurisdiction over a federal suit based solely on a state-law claim only if there is diversity between the plaintiff and the defendants, which does not exist in this case given that both Plaintiff and Defendants reside in Illinois. *See* 28 U.S.C. § 1332.

This court lacks jurisdiction to hear this case. Accordingly, this case is dismissed for lack of jurisdiction and without prejudice to Plaintiff seeking relief in state court. The dismissal of this case in no way comments on the merits of Plaintiff's claims. This dismissal shall not count as one of Plaintiff's three allotted strikes under 28 U.S.C. § 1915(g), given that it appears that he simply filed his case in the wrong court. This case is closed.